UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CARIN MILLER,

                                                            Case No. 3:13-cv-090

         **Plaintiff,**

                                                            Judge Thomas M. Rose

**-v-**

EXPERIAN INFORMATION SOLUTIONS
INC., et al.,

         **Defendants.**

---

**ENTRY AND ORDER DENYING MILLER'S MOTION FOR DEFAULT
JUDGMENT AGAINST INFINITY (Doc. # 26) WITHOUT PREJUDICE**

---

Plaintiff Carin Miller ("Miller") has filed a complaint against Defendants Experian

Information Solutions, Inc. ("Experian"), Equifax, Inc. ("Equifax"), Transunion LLC

("Transunion"), Wites & Kapetan, P.A. ("W & K"), Infinity Marketing Solutions, Inc.

("Infinity") and Doe Company Debt Collector. (Doc. #1.) Miller has sued all of the Defendants

for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. She has also sued what

she terms the "Debt Buyers" for invasion of privacy - wrongful intrusion. In her Complaint, she

defines the "Debt Buyers" as W & K, Infinity and Doe Company Debt Collector. (Doc. #1, ¶

15.)

The Doe Company Debt Collector has not yet been identified. Experian, Equifax,

Transunion and W & K have answered. Infinity has been served but has not answered or

otherwise defended within the allotted time. Therefore, Infinity has been adjudged to be in

default. (Doc. #25.) Now before the Court is Miller's Motion for Default Judgment against

Infinity. (Doc. #26.)

This matter involves multiple Defendants including Experian, Equifax, Transunion, W & K, Infinity and Doe Company Debt Collector. Further, W & K, Infinity and Doe Company Debt Collectors are Defendants to both of Miller's claims.

Having obtained an entry of default for failure to plead or otherwise defend, Miller now seeks an entry of default judgment against Infinity. Rule 55(b)(2) permits the Court, in its discretion, to enter default judgment against Infinity following the entry of default against Infinity. However, in this case, granting default judgment against Infinity could impair the rights of the other defendants who are not in default. Thus, in multi-defendant cases, "courts frequently prefer to delay the default judgment against defaulting defendants until the claims against the nondefaulting defendants are resolved." 10 James Wm. Moore et al., Moore's Federal Practice § 55.36[1] (3d ed.); *Frow v. De La Vega*, 82 U.S. 552, 554 (1872).

In this case, the Court elects to avoid impairing the rights of the nondefaulting defendants. Therefore, Miller's Motion for Default Judgment Against Infinity (doc. #26) is DENIED without prejudice to renewal, if appropriate, after the claims against W & K and Doe Company Debt Collector have been resolved.

Finally, even though the Court has declined to enter default judgment against Infinity at this time, Infinity has lost its standing in Court. *Frow*, 82 U.S. at 554. Infinity will not be entitled to service of notices beyond this one nor will it be entitled to appear in any way. *Id.* Further, it can offer no evidence and cannot be heard at the final hearing. *Id.*

**DONE** and **ORDERED** in Dayton, Ohio this Twelfth Day of February, 2014.

**s/Thomas M. Rose**

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record