IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CARIN MILLER,

              Plaintiff,                                 Case No.: 3:13-CV-90

vs.

EXPERIAN INFORMATION                             Judge Thomas M. Rose
SOLUTIONS, INC., *et al.*,                          Magistrate Judge Michael J. Newman

              Defendants.

---

**REPORT & RECOMMENDATION[1] THAT: (1) THE PARTIES' STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE OF DEFENDANTS, EXPERIAN INFORMATION SOLUTIONS, INC. AND WITES & KAPETAN, P.A., PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii) (DOCS. 42, 43) BE CONSTRUED AS JOINT, UNOPPOSED MOTIONS TO DISMISS PURSUANT TO FED. R. CIV. P. 21; (2) BOTH MOTIONS BE GRANTED; AND (3) DEFENDANTS EXPERIAN INFORMATION SOLUTIONS, INC. AND WITES & KAPETAN, P.A. BE DISMISSED WITH PREJUDICE**

---

       Seeking to proceed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), Plaintiff and Defendants, Experian Information Solutions, Inc. ("Experian") and Wites & Kapetan, P.A. ("W&K"), filed joint stipulations seeking the dismissal with prejudice of Plaintiff's claims against both parties, with each party to bear its own attorney's fees and costs in this action. Docs. 42, 43. The parties advise the Court that they have reached a settlement regarding the claims involving both Experian and W&K. *Id.*

       Rule 41(a)(1)(A)(ii) states that "the plaintiff may dismiss an action without a court order by filing[] a stipulation of dismissal signed by all parties who have appeared." Conversely, Rule 21 provides that, "On motion or on its own, the court may at any time, on just terms, add or drop

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

a party." The Sixth Circuit has held that Rule 21 is the proper vehicle for the dismissal of individual parties from the action, and Rule 41, conversely, is appropriate only for dismissal of the entire action. *Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003) ("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim refers to what has traditionally been termed 'cause of action.' Rule 21 proves that 'Parties may be dropped or added by order of the court on motion' and we think that this rule is the one under which any action to eliminate . . . a party should be taken" (quoting *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961))), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt. LLC*, 511 F.3d 633, 636 (6th Cir. 2008).

## IT IS THEREFORE RECOMMENDED THAT:

1. The parties' stipulation of voluntary dismissal with prejudice of Defendants Experian and W&K pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) (docs. 42, 43), be **CONSTRUED** as joint, unopposed motions to dismiss pursuant to Fed. R. Civ. P. 21;

2. Both motions be **GRANTED**; and

3. Defendants Experian and W&K be **DISMISSED** from this case **WITH PREJUDICE**.


June 23, 2014                                                         **s/ Michael J. Newman**
                                                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).