UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CARIN MILLER,                                    Case No. 3:13-cv-90

      Plaintiff,

vs.
                                    District Judge Thomas M. Rose

EXPERIAN INFORMATION                             Magistrate Judge Michael J. Newman
SOLUTIONS, INC., *et al.,*

      Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS (DOC. 74)**

---

This case is before the Court on Plaintiff Carin Miller's ("Miller") motion for sanctions for spoliation of evidence. Doc. 74. Defendant Trans Union, LLC ("TransUnion") filed a memorandum in opposition to Miller's motion. Doc. 79. Miller filed a reply memorandum in support of her motion.[1] Doc. 80. The Court has carefully considered each of these documents, and Miller's motion for sanctions is now ripe for decision.

**I.**

This is a Fair Credit Reporting Act ("FCRA") case. *See* 28 U.S.C. § 1681, *et seq.* Multiple defendants have settled, leaving TransUnion as the sole remaining defendant. *See* docs. 45, 56. Miller claims that TransUnion violated the FCRA in two ways: (1) by providing Miller's consumer report to one or more third parties (specifically, now-dismissed party Wites & Kapetan) without a permissible purpose; and (2) by selling or disseminating prescreened lists,

---

[1] TransUnion filed a motion for leave to file a sur-reply. Doc. 81. Because the Court will not consider Miller's arguments that were raised for the first time in her reply, *see infra,* the undersigned **DENIES** TransUnion's motion for leave. *See* S.D. Ohio Civ. R. 7.2(a)(2).

including Miller's credit information, and failing to list such sales or disseminations on Miller's consumer report. *See* doc. 41 at PageID 437.

In her motion for sanctions, Miller alleges that TransUnion engaged in spoliation of evidence by failing to preserve copies of her credit reports which it provided to third parties during the pendency of this lawsuit. Doc. 74 at PageID 1130, 1134. After Miller filed the motion, her attorney conducted a Fed. R. Civ. P. 30(b)(6) deposition of TransUnion representative Michelle Sims. *See* Doc. 80 at PageID 1384; Doc. 80-1 at PageID 1394-95. Ms. Sims testified that in response to promotional inquiries[2] from customers, TransUnion creates and sends a prescreened list -- containing consumer names and addresses -- in a "flat file;" retains the flat file for up to six months; and then allows the flat file to "roll off," thereby erasing any record of the promotional inquiry. Doc. 80 at PageID 1385. In her reply brief, Miller presents a new spoliation claim based on TransUnion's alleged destruction of evidence regarding prescreened lists. *See* doc. 80 at PageID 1381-89.

A movant cannot raise new issues in a reply brief "because such a practice denies the non-moving party a meaningful opportunity to respond." *Cooper v. Shelby Cnty., Tenn.*, No. 07-2283-STA-cgc, 2010 WL 3211677, at *3 n. 14 (W.D. Tenn. Aug. 10, 2010) (collecting Sixth Circuit and District Court cases discussing this principle); *see also Nash v. Eberlin*, No. 5:04-cv-435, 2006 WL 2251873, at *1 (N.D. Ohio Aug. 4, 2006) (declining to consider arguments first raised in a reply brief). Therefore, because Miller first addressed the issue of TransUnion's

---

[2] A promotional inquiry is a "request for consumer credit information -- a prescreened list -- in connection with a transaction not initiated by the consumer, so that a firm offer of credit may be made directly to the consumer." Doc. 79 at PageID 1360.

2

alleged destruction of evidence related to prescreened lists produced in response to promotional inquiries in her reply,[3] the undersigned declines to consider these arguments.

## II.

Pursuant to Federal Rule of Civil Procedure 37, the Court has discretion to impose sanctions against a party for failure to comply with discovery rules. Fed. R. Civ. P. 37(c)(1). In addition to discovery sanctions, the Court has inherent authority to impose sanctions based on spoliation of evidence. *Adkins v. Wolever*, 554 F.3d 650, 653 (6th Cir. 2009). Spoliation is "the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction." *United States v. Manns*, 277 F. App'x 551, 558 (6th Cir. 2008) (internal citations omitted).

A court may sanction a litigant for spoliation of evidence if three conditions are met. *Byrd v. Alpha Alliance Ins. Corp.*, 518 F. App'x 380, 383-84 (6th Cir. 2013). First, the party with control over the evidence must have had an obligation to preserve it at the time of its destruction. *Id.* at 384. An obligation to preserve evidence arises "when a party should have known that the evidence may be relevant to future litigation." *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010). Second, the evidence must have been destroyed with a culpable state of mind, *i.e.,* that the alleged spoliator "destroyed the evidence knowingly or negligently." *Byrd*, 518 F. App'x at 384. Finally, the destroyed evidence must be relevant to a claim or defense. *Id.* The party seeking the sanction carries the burden of establishing these facts. *Id.* District Courts have broad discretion in determining a proper sanction for spoliation,

---

[3] In her motion, Miller discusses TransUnion's alleged failure to preserve "electronic transfers of information," which, arguably, includes the flat files referenced in her reply. However, it is clear from Miller's motion (doc. 74 at PageID 1129, 1130, 1132, 1134) and the e-mail exchange between counsel (doc. 74-1 at PageID 1142) that it was TransUnion's alleged failure to maintain copies of credit reports -- not prescreened lists -- that Miller considered spoliation of evidence.

and any sanction must "serve both fairness and punitive functions."  *Id*. at 385 (internal citations omitted).

## III.

Miller alleges that TransUnion engaged in spoliation of evidence by failing to preserve copies of her credit reports -- particularly the "crucial" October 3, 2013 report -- which TransUnion provided to third parties during the pendency of this lawsuit.  Doc. 74 at PageID 1130, 1134.  Miller requests that, as a sanction, the Court should either strike TransUnion's answer and affirmative defenses, or impose a non-rebuttable adverse evidentiary inference.  Doc. 74 at PageID 1135.

In opposition, TransUnion argues it never created or possessed the evidence at issue, and thus could not have destroyed it with a culpable state of mind.  *See* doc. 79 at PageID 1357-64. Specifically, TransUnion asserts that its computer systems are not designed to create and maintain copies of credit reports provided to each third party, as the "cost and space required would be incredibly prohibitive."  *Id*. at PageID 1362.  Instead, according to TransUnion, it provides third parties with only "unformatted electronic data" which the third party then aggregates and formats according to its needs.  *Id*. at PageID 1360, 1362.  TransUnion maintains that it creates no hard copy document in connection with this process.  *Id*. at PageID 1358 n. 1.

The Court finds that TransUnion cannot be sanctioned for failing to preserve documents it neither created nor possessed.  Miller presents no evidence that TransUnion destroyed copies of credit reports it supposedly provided to third parties or that such documents -- assuming they existed -- were ever possessed by TransUnion.  TransUnion has repeatedly represented to Miller and the Court that it does not create these documents, and, again, Miller presents no evidence to the contrary.  Parties have no duty to create documents simply to comply with another party's

4

discovery request.  *See Smallwood v. Collins*, No. 2:08-cv-679, 2010 WL 2044953, at *3 (S.D. Ohio May 21, 2010); *see also Brown v. Warden Ross Corr. Inst.*, No. 2:10-cv-822, 2011 WL 1877706, at *5 (S.D. Ohio May 16, 2011).  If TransUnion is under no duty to *create* copies of credit reports it provided to third parties, it logically follows that TransUnion cannot be sanctioned for failing to create and preserve the same.  *Cf. Smallwood*, 2010 WL 2044953, at *3.

## IV.

Based on all of the foregoing, Miller's motion for sanctions against Transunion for spoliation of evidence, doc. 74, is **DENIED.**

**IT IS SO ORDERED**

Date:  October 31, 2014                        *s/ Michael J. Newman*
                                               Michael J. Newman
                                               United States Magistrate Judge