UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CARIN MILLER,

                Case No. 3:13-cv-090

        **Plaintiff,**

                Judge Thomas M. Rose

**-v-**

EXPERIAN INFORMATION SOLUTIONS
INC., et al.,

        **Defendants.**

---

**ENTRY AND ORDER GRANTING MILLER'S RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST INFINITY (Doc. #103)  AND AWARDING $23,735 IN DAMAGES**

---

Now before the Court is a Renewed Motion for Default Judgment Against Defendant Infinity Marketing Solutions, Inc. ("Infinity") filed by Plaintiff Carin Miller ("Miller"). (Doc. #103.) Miller had filed a Motion for Default Judgment against Infinity earlier in this case. (Doc. #26.) The earlier Motion was overruled without prejudice to renewal to avoid impairing the rights of nondefaulting Defendants. (Doc. #28.)

The Renewed Motion that is now before the Court was filed pursuant to an Order of the Court that, among other things, addressed the claims against the remaining Defendants. (Doc. # 102.) This Order has subsequently been appealed. (Doc. #109.)

A Hearing was held on the renewed Motion on April 9, 2015. The renewed Motion is, therefore, ripe for decision.

At the outset of the Hearing, Counsel for Miller testified that they were not appealing the part of the Order that involved renewal of the Motion for Default Judgment against Infinity. Therefore, this Court has jurisdiction to adjudicate Miller's Renewed Motion for Default

Judgment against Infinity. *See Marrese v. American Academy of Orthopaedic Surgeons*, 470

U.S. 373, 379 (1985)(filing of notice of appeal divests district court of jurisdiction over aspects

of case involved in the appeal).

Infinity was defaulted on January 10, 2014, for failing to plead or otherwise defend after

being properly served. (Doc. #25.) Miller now seeks statutory damages in the amount of $1,000,

out-of-pocket costs in the amount of $710 and attorneys' fees in the amount of $22,925[1]. Infinity

has not responded to Miller's Renewed Motion for Default Judgment.

For purposes of a default judgment, the well-pled allegations in the complaint regarding

liability of the defaulting defendant are deemed true. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d

61, 65 (6th Cir. 1981). However, the amount of damages remains to be proved unless the amount

is liquidated or susceptible of mathematical computation. *Flaks v. Koegel*, 504 F.2d 702, 707 (2d

Cir. 1974).

In this case, the following well-pled allegations from Miller's Complaint as against

Infinity are deemed true. Miller is a consumer as that term is used in the Fair Credit Reporting

Act ("FCRA"). Infinity harvests and sells data from each of the Consumer Report Agencies:

Experian, Equifax and Trans Union.

On or about March 28, 2011, Wites & Kapetan ("W&K") solicited Miller as a client for

potential debt settlement admitting that Miller's name and address was obtained from a data

company. Miller is aware of only one way in which W&K could have obtained data on her, by

accessing her consumer report. Consequently, Infinity obtained Miller's consumer report.

---

[1]The attorneys' fee amount is based upon evidence introduced at the Hearing including $350 for time spent at the Hearing.

Further, since Miller had not given permission, Infinity obtained her consumer report without a

permissible purpose in violation of the FCRA. Finally, Infinity's conduct in obtaining Miller's

consumer report without a permissible purpose was wilful. In addition, Infinity knowingly and

intentionally intruded upon Miller's solitude and seclusion in her private affairs and concerns.

### Statutory Damages

The FCRA provides that, "Any person who willfully fails to comply with any

requirement imposed under this subchapter with respect to any consumer is liable to that

consumer in an amount equal to the sum of– – any actual damages sustained by the consumer as

a result of the failure or damages of not less than $100 and not more than,$1,000…." 15

U.S.C.A. 1681n(a)(1). In addition, any person who wilfully fails to comply is liable for the costs

of the action and reasonable attorneys' fees as determined by the court. 15 U.S.C. § 1681n(a)(3).

In this case, taking Miller's well-pled allegations as true, Infinity has wilfully violated the

FCRA. Thus, Infinity is liable for statutory damages. However, Miller has offered no argument

regarding the amount of statutory damages other than asserting that the amount is $1,000.

Therefore, in the absence of further evidence or argument, the Court will award the minimum

statutory damages in the amount of $100.

### Out-of-Pocket Costs

As more fully set forth above, the FCRA makes Infinity liable for the costs of the action

against it. Miller has presented evidence of costs in the amount of $710. Therefore, the Court

awards Miller costs in the amount of $710.

### Attorneys' Fees

Also, as more fully set forth above, the FCRA makes Infinity liable for the reasonable

attorneys' fees for the action against it. Attorneys' fees are determined by the Court using the

lodestar amount. The lodestar amount is a reasonable number of hours multiplied by a reasonable

hourly rate.

### Reasonable Hourly Rate

Miller is seeking $350 per hour for attorneys' fees. She submitted the Affidavit of Daniel

E. DeWoskin ("DeWoskin")who attests that $350 per hour is "reasonable and customary for

these types of cases and is the prevailing rate in consumer cases." (Affidavit of Daniel E.

DeWoskin ¶ 7 Apr. 2, 2015.) DeWoskin also refers to other cases wherein courts have found

rates of $350 per hour or more to be reasonable in consumer cases. (Id.) Finally, Attorney John

A. Fischer, one of Miller's attorneys, attests that his hourly billing rate of $350 is "reasonable

and customary for these types of cases." (Affidavit of John A. Fisher ¶ 8 Feb. 7, 2014.)

Therefore, the Court finds that $350 per hour is a reasonable hourly rate for this case.

### Reasonable Number of Hours

Miller has two attorneys: John A Fisher ("Fisher") and Sam S. Han ("Han"). Fisher seeks

a total of 35 hours[2]. (Hearing Ex. 2.) Han seeks a total of 30.5 hours[3]. (Hearing Ex. 4.) Thus, the

total hours sought is 65.5.

Fisher and Han assert that Miller's claim against Infinity involved meetings with Miller,

investigation of the facts prior to filing Miller's Complaint, review of the evidence prior to filing

Miller's Complaint, legal research on out-of-state service, numerous attempts to perfect service

and the preparation and filing of various motions. Based upon the preceding, the Court finds that

---

[2]The 35 hours includes ½ hour for the Hearing.

[3]The 30.5 hours includes ½ hours for the Hearing.

65.5 hours is a reasonable number of hours expended to properly file the Complaint, properly serve Infinity and seek a default judgment against Infinity.

Summary Regarding Attorneys' Fees

The hourly rate sought by Miller's Attorneys is, for this matter, reasonable and the number of hours sought for this matter is reasonable. Thus, Miller is entitled to attorneys' fees in the amount of $22,925 (65.5 x $350).

**<u>Conclusion</u>**

Miller is entitled to a default judgment, including damages, against Infinity. Miller is entitled to statutory damages in the amount of $100. Miller is entitled to Out-of-Pocket costs in the amount of $710. Finally, Miller is entitled to attorneys' fees in the amount of $22,925. In sum, Miller is entitled to $23,735.

Therefore, Miller's Renewed Motion for Default Judgment Against Infinity (doc. #103) is granted. Miller is awarded $23,735 in damages from Infinity.

**DONE** and **ORDERED** in Dayton, Ohio this Thirteenth Day of April, 2015.

**s/Thomas M. Rose**

THOMAS M. ROSE<br>UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record